**Parviz Ghassemi BAKHTIARI; Narges Jey; Mehrdad Ghassemi Bakhtiari, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74052.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Ruben N. Sarkisian, Esq., Glendale, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, John S. Koppel, Esq., San Francisco, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Parviz Ghassemi Bakhtiari, his wife Narges Jey (lead petitioner), and their son Mehrdad Ghassemi Bakhtiari, natives and citizens of Iran, petition for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we review for substantial evidence. *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). We deny the petition for review.

Jey testified that she fears persecution by the Iranian government on account of her conversion from Islam to Christianity. Jey's testimony contained major discrepancies, however, regarding the time line of events and when she was arrested for practicing Christianity in relation to both the 1979 regime change and in relation to her departure from Iran. The discrepancies concern pivotal events and constitute substantial evidence to support the BIA's adverse credibility determination. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

In the absence of credible evidence, petitioners have failed to show eligibility for asylum or withholding. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Because their claim under the CAT is based on the same facts that the BIA found to be not credible, and they point to no other evidence that the BIA should have considered, they have failed to establish eligibility for relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

